UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

07 CV 4027

JUDGE SWAIN

SUMMONS

                                        Plaintiffs,

            -against-

BECOM REAL, INC.,

                                        Defendant.
------------------------------------------------------------------------X
TO:

   Becom Real, Inc.
   752 Pomander Walk
   Teaneck, NJ 07666

**YOU ARE HEREBY SUMMONED** and required to file with the clerk of this court and serve upon

   O'DWYER & BERNSTIEN, LLP
   52 Duane Street
   New York, New York 10007
   (212) 571-7100

an answer to the complaint which is herewith served upon you, within **30 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**J. MICHAEL McMAHON**                              MAY 2 3 2007
CLERK                                               DATE

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

07 CV 4027
JUDGE SWAIN

**COMPLAINT**

MAY 2 3 2007

                              Plaintiffs,

          -against-

BECOM REAL, INC.,

                              Defendant.
------------------------------------------------------------------------X

Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

**NATURE OF THE CASE**

1.   This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Becom Real, Inc. ("Employer").

**JURISDICTION**

2.   This Court has jurisdiction over this proceeding pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief defendant Becom Real, Inc. is a foreign corporation incorporated under laws of the State of New Jersey with a principal place of business located at 752 Pomander Walk, Teaneck, NJ 07666.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant, Becom Real, Inc., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 1996. Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated February 17, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that Becom Real, Inc. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of March 10, 2004 through February 17, 2007 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14. The arbitrator also found that Becom Real, Inc. was required to pay the funds a

sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15. The defendant, Becom Real, Inc. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs ordering Becom Real, Inc. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period March 10, 2004 through February 17, 2007.

3. For entry of judgment in favor of the Benefit Funds and against Becom Real, Inc. ordering Becom Real, Inc. to pay the Benefit Funds a total sum of $2,350.00 pursuant to the arbitrator's award.

4. For attorneys' fees and costs of this action;

5. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
       May 23, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4