UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, et al.,

                Plaintiffs,

-v-                                        No. 07 Civ. 4027 (LTS)(MHD)

BECOM REAL, INC.,

                Defendant.

-------------------------------------------------------x

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

        In this action brought pursuant to the Employee Retirement Income Security Act ("ERISA"), the Labor-Management Relations Act, and Federal Arbitration Act, the Plaintiff benefit and charity funds seek a default judgment pursuant to Federal Rule of Civil Procedure 55(b) confirming an arbitration award rendered against the Defendant employer on February 17, 2007. The Court has jurisdiction over this action pursuant to 29 U.S.C. §§ 185, 1132, and 1145. By virtue of Defendant's default, as noted by the Clerk of Court on July 24, 2007, the factual allegations in Plaintiffs' Complaint are deemed admitted. Fed. R. Civ. P. 8(d). In accordance with the Court's August 20, 2007, Order authorizing Plaintiffs' application for a default judgment, Plaintiffs have served and filed an Affidavit of Counsel in Support of Default Judgment, with exhibits attached thereto, requesting judgment against Defendant, pursuant to the February 17, 2007, arbitration award, in the liquidated amount of $2,350.00, representing costs and fees arising out of the arbitration, in addition to attorneys' fees and costs arising out of this

action in the amount of $1,185.00, for a total payment of $3,535.00. Plaintiffs also request, pursuant to the February 17, 2007, arbitration award, that Defendant be ordered to produce any and all books and records relating to it for the period of March 10, 2004, through February 17, 2007. Defendant has not responded to Plaintiff's default judgment motion, which was served on July 24, 2007.

Plaintiff's uncontroverted submissions are sufficient to establish the existence of the underlying agreement to arbitrate, the rendition of the award and timely commencement of this action to confirm it. No grounds warranting refusal of confirmation having been raised and the Defendant having defaulted, Plaintiffs are entitled to the relief requested.

Accordingly, Plaintiff's default judgment motion (docket entry no. 6) is granted, and judgment will be entered confirming the arbitration award, directing Defendant to produce its books and records for the period March 10, 2004 to February 17, 2007, and directing Defendant to pay the arbitration award and Plaintiffs' attorneys fees and costs incurred in this action.

SO ORDERED.

Dated: New York, New York
November 20, 2007

LAURA TAYLOR SWAIN
United States District Judge